# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| **Todd Barkley**, | |
| Plaintiff, | Case No. |
| v. | |
| **Diversified Adjustment Service, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Todd Barkley** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Diversified Adjustment Service, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA), the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be

1

brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Florida and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Florida.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Pensacola, Florida 32534.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

10. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55433.

11. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

15. Plaintiff has a cellular telephone number.

16. Plaintiff has only used this phone number as a cellular telephone.

17. Beginning in or before February 2018 and continuing through March 2018, Defendant repeatedly called Plaintiff on his cellular telephone.

18. Plaintiff knew Defendant was calling him because the persons on the line stated they were representatives calling from Defendant.

19. Defendant's representatives stated the calls related to an alleged cellular-telephone debt.

20. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

21. Because Plaintiff cannot owe any business or commercial debts, the alleged cellular-telephone debt must have arisen from a transaction primarily for personal, household, or family purposes.

22. Within the first few calls around February 2018, Plaintiff told Defendant that he could not afford to pay the alleged debt and that he did not wish to be contacted.

23. On subsequent calls through March 2018, Plaintiff repeated his statement he could not afford to pay the alleged debt and his instruction to Defendant not to call

24. Once Defendant was informed that Plaintiff could not pay the debt, that its calls were unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

25. Once Defendant was aware Plaintiff could not pay the debt and that he wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

26. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff multiple times through March 2018.

27. During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

28. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

29. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

30. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

33. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34. Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call Plaintiff knowing that its calls were unwanted within the one year period preceding the filing of this Complaint.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendant initiated repeated calls to Plaintiff's cellular telephone.

38. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

39. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

40. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

41. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

42. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

43. When Defendant called Plaintiff from around February 2018 through around March 2018, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

44. When Defendant called Plaintiff from around February 2018 through around March 2018, it knew it was placing calls to a cellular telephone.

45. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

### COUNT III
### DEFENDANT VIOLATED
### THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

49. Defendant violated § 559.72(7) when it placed repeated harassing telephone calls to Plaintiff and continued to call Plaintiff knowing that its calls were unwanted.

**Wherefore**, Plaintiff, **Todd Barkley**, respectfully prays for judgment as follows:

- a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));
- b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))
- c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));
- d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));
- e. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));
- f. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));
- g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3));
- h. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
- i. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

  j. Any other relief deemed appropriate by this Honorable Court.

  k. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Todd Barkley**, demands a jury trial in this case.

                Respectfully submitted,

Dated: 3/5/19         By: *s/ Amy L. Bennecoff Ginsburg*
                Amy L. Bennecoff Ginsburg, Esq.
                Florida Bar No. 1002337
                Kimmel & Silverman, P.C.
                30 East Butler Pike
                Ambler, PA 19002
                Phone: 215-540-8888
                Facsimile: 877-788-2864
                Email: aginsburg@creditlaw.com

                Counsel for Plaintiff Todd Barkley